JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>NISSAN NORTH AMERICA, INC., *et al.*,<br><br>                    Defendants. | Case No. 5:26-cv-00185-FLA (ASx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 7]** |

1

On January 28, 2025, the court Ordered the parties to Show Cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due, *inter alia*, to an insufficient amount in controversy.  Dkt. 7.  The court provided the parties 14 days to respond and cautioned Defendants that, as the parties asserting federal jurisdiction, their "failure to timely respond to the [OSC] shall result in the remand of this action without further warning."  *Id.* at 3.  Defendants did not file a response to the OSC.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As Defendants did not respond to the OSC, Defendants have not met their burden to establish the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction.  The court, therefore, REMANDS the action to the San Bernardino County Superior Court, Case Number CIVRS2510127.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 28, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge